STEELE vs. STEELE.

A deposition that petitioner "was stopping at Taylor's hotel, in J. C., at the time of the commencement of this suit," is not sufficient evidence of residence to give the court jurisdiction in a suit for divorce.

On petition for divorce, answer and depositions.

*Mr. J. B. Vredenburgh*, for the petitioner.

THE CHANCELLOR.

I do not find in the testimony taken in this case evidence of the jurisdictional facts necessary to warrant a decree of divorce. The only evidence as to the residence of the petitioner is contained in her own deposition, and is as follows: "I was stopping at Taylor's hotel, in Jersey City, at the time of the commencement of this suit." The only other testimony on the subject of the residence of either of the parties is that of George E. Biddle, who says: "Mr. Oliver R. Steele lives at 31 Grand street, Jersey City; I believe his wife does not live with him now; I mean she does not live in the same house with him; I have known his wife at least three years; I know her well; I know that Mr. Oliver R. Steele resides at 31 Grand street, because I have been over to his house frequently; have seen him change his clothes there." Now, in all this, there is no evidence as to the residence of either of the parties to this suit, either at the time of the commencement of the suit, or at the time of the commission of the alleged adultery, which is stated to have been on the 23d of December, 1874. The bill was filed the very next day. The petitioner merely says she was "stopping" at Taylor's hotel when the bill was filed. As to her husband's residence, there is no evidence where it was at either of those points of time. The marriage of the parties took place in New York. The alleged adultery is said to have been committed in Jersey City. The want of proof of residence renders it unnecessary for me to consider the evidence of the offence.

The bill will be dismissed.